**Appeal of MAIE KIMBALL MAPES.**          **Docket No. 1044.**

> *Held*, that the evidence submitted does not establish a deductible loss on a sale of property.

Submitted March 9, 1925; decided March 23, 1925.

*W. Frank Gibbs, Esq.*, for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This appeal involves income and profits taxes for 1920. It was stipulated by counsel that the affidavit of the taxpayer, dated May 2, 1925, should be taken as having the same effect as if the statements therein contained had been testified to at the hearing on the appeal, from which the Board makes the following

#### FINDINGS OF FACT.

The property, in connection with the sale of which a deductible loss was claimed in the income-tax return of the taxpayer for the calendar year 1920, consisted of a house, stable, and parcel of land known as No. 15 Norwood Avenue, Summit, N. J. The property was conveyed to Chas. E. Kimball, the husband of the taxpayer, by deed dated April 15, 1896. By deed dated April 20, 1896, the husband of the taxpayer conveyed the said property to John J. Tierney, and by deed of the same date the said John J. Tierney and wife conveyed said property to the taxpayer, who continued to be the owner thereof until she sold it in 1920. The taxpayer, with her family, consisting of her husband and three children, moved into the house on the property in the fall of 1896, which she occupied as a residence from 1896 to 1906, and in the latter year she and her family moved away. Being unable to dispose of the property at that time because of the financial conditions existing, the house was

rented to a Mr. Taylor for two years. In 1906 the taxpayer and her family moved to New York, taking all the furniture out of the house. In the spring of 1909 the property was listed for sale or rent with real estate brokers at Summit, N. J. It remained on the lists of the brokers until it was sold in 1920 and was rented by one or another of said brokers from time to time until its sale.

When the taxpayer and her family left the property in 1906 they rented an apartment in New York and definitely determined at that time not to occupy the property again and to dispose of it at the earliest opportunity. The business interests of the husband of the taxpayer were partly in New York and partly in St. Louis, Mo., and the taxpayer had in mind the possibility of moving to St. Louis and living there permanently. In the fall of 1913 the taxpayer and her family moved to St. Louis and purchased a house there in the spring of 1914. They lived there until the death of the taxpayer's husband in 1920, which occurred after the sale of the property involved.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

TRAMMELL: There is no evidence in this appeal as to the cost of the property; its value at the time of the conversion thereof from residential property into business property; the March 1, 1913, value; or the sale price. The Board, therefore, has no facts before it on which it can base a decision that the determination of the Commissioner that no deductible loss was sustained from the sale of the property was in error.